UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARMEN FEBRES,

    Plaintiff,

v.                                               Case No. 6:13-cv-53-Orl-TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

## ORDER[1]

Pending before the Court are Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. 27) and Amended Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C § 2412(d). (Doc. 28).   Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees in the amount of $6,004.37.   The schedule of attorney hours attached to the petition confirms the attorney's claimed time.   (Doc. 29-2).   Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that she has conferred with the Commissioner's counsel, who has no objection to the requested relief. (Doc. 29 at 2).

Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time this proceeding was filed was less than two million dollars.[2]  (Id.

---

[1]  On April 16, 2013 both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 15). Accordingly, the case was referred to the undersigned by an Order of Reference on April 17, 2013. (Doc. 16).

[2]  Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not

at 2).   On January 17, 2014, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   (Doc. 25).   On January 21, 2014 the Clerk entered Judgment.  (Doc. 26).   Plaintiff filed her first application for fees on April 21, 2014 (Doc. 27) and her amended application on May 6, 2014 (Doc. 24).

Plaintiff has assigned her EAJA fees to counsel.   (Doc. 29-3).   In light of the assignment, Plaintiff requests that payment be made payable to Plaintiff and delivered to her counsel unless Plaintiff owes a federal debt.   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the EAJA (28 U.S.C. §2412(d)), Plaintiff's amended petition for attorney's fees (Doc. 29) is **GRANTED**.   Plaintiff is awarded attorney's fees in the amount of **$6,004.37** to be paid out of the judgment fund**.**   Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.   Plaintiff's original motion for fees (Doc. 27) is **DENIED as MOOT**.

**DONE AND ORDERED** in Orlando, Florida, on May 7, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel of record.

---

substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).